[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

----------------------------------------

No. 06-12531
Non-Argument Calendar

----------------------------------------

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
April 5, 2007
THOMAS K. KAHN
CLERK

D.C. Docket No. 03-00195-CV-AAA-2

BARBARA POWELL,
as legal guardian of Jeffrey A. Powell,

Plaintiff-Appellant,

versus

W&W HAULING, INC.,
A Georgia Corporation,
RICHARD D. LITTLE,
JOHNNY WHELLIS,
d.b.a.W&W Hauling,

Defendants-Appellees.

----------------------------------------------------------------

Appeal from the United States District Court
for the Southern District of Georgia

----------------------------------------------------------------

**(April 5, 2007)**

Before EDMONDSON, Chief Judge, ANDERSON and BARKETT, Circuit
Judges.

PER CURIAM:

Barbara A. Powell ("Plaintiff") appeals the district court's order denying her motion for new trial after a jury verdict in favor of W & W Hauling, Inc., Johnny Wheelis, and Richard D. Little ("Defendants"). No reversible error has been shown; we affirm.

This case arises from an automobile accident between a vehicle driven by Plaintiff's son, Jeffrey A. Powell ("Mr. Powell"), and a tractor trailer driven by Richard D. Little ("Little"), a truck driver employed by W & W Hauling, Inc. The accident resulted in serious permanent injury to Mr. Powell. Plaintiff alleged that Little operated the tractor trailer in a negligent and reckless manner in excess of the speed limit and that Defendants were negligent in maintaining the tractor trailer. At trial, Defendants presented evidence that Mr. Powell was operating his vehicle while under the influence of alcohol and drifted into oncoming lanes, causing the accident. The jury returned a verdict in favor of Defendants, and the district court entered judgment upon the jury's verdict.

Plaintiff then filed a motion for new trial, claiming (1) defense counsel's use of peremptory strikes during jury selection was a violation of Batson v. Kentucky, 106 S. Ct. 1712 (1986); (2) defense counsel's mention of Mr. Powell's bankruptcy and a restraining order against him was unfairly prejudicial; and (3) Defendants'

2

accident reconstruction expert gave an improper toxicology opinion at trial that he was not qualified to give. The district court denied Plaintiff's motion, and this appeal ensued.

We review a district court's denial of a motion for new trial for abuse of discretion. Bianchi v. Roadway Exp., Inc., 441 F.3d 1278, 1282 (2006). A district court's resolution of a Batson challenge is reviewed for clear error. Cent. Ala. Fair Hous. Ctr. v. Lowder Realty, 236 F.3d 629, 635 (11th Cir. 2000). Also, we review a district court's evidentiary rulings for abuse of discretion. Tran v. Toyota Motor Corp., 420 F.3d 1310, 1315 (11th Cir. 2005).

First, Plaintiff argues that defense counsel's use of peremptory challenges to strike three potential black jurors was a violation of Batson.[1] Under the three-step Batson analysis, (1) the objecting party must make a prima facie showing that the exercise of a peremptory challenge discriminates on the basis of race; (2) the challenging party then must articulate a race-neutral reason for striking the juror in question; and (3) the court then must determine whether the objecting party has met its burden of proving the existence of purposeful discrimination. United States v. Novation, 271 F.3d 968, 1002 (11th Cir. 2000).

---

[1] The Supreme Court has extended Batson to apply in civil cases. Edmonson v. Leesvill Concrete Co., 111 S. Ct. 2077 (1991).

3

In this case, the final venire consisted of fourteen potential jurors, six of which were black.[2] During voir dire, the magistrate judge presiding over jury selection asked the panel whether any of them would excuse the behavior of a party shown to have consumed alcohol in excess of the legal limit. One juror, Ms. Fisher, asked what the legal limit was. The court responded that such information may or may not be offered at trial. Defense counsel then asked for a show of hands for which jurors would not excuse such behavior. All of the panel members, except Ms. Fisher, raised their hands. Plaintiff's counsel then asked whether the jurors could put aside the fact that someone had alcohol in his or her blood if the evidence showed alcohol was not a factor in the accident. Defense counsel claims Ms. Fisher nodded her head in agreement to this question, saying "yes, yes, I understand." According to defense counsel, another juror, Mr. Davis, looked to Ms. Fisher before responding affirmatively to the question from Plaintiff's counsel.

A third juror, Ms. Jackson, was a replacement juror who answered a different question about alcohol and causation than that posed to the other panel members. When asked whether that someone had consumed alcohol before the

_____

[2]Plaintiff and her son who was injured in the accident are black. Defendants Wheelis and Little are white men.

4

accident would influence Ms. Jackson's decision in any way, she responded that it would not. Defense counsel then exercised three peremptory challenges to strike Ms. Fisher, Mr. Davis, and Ms. Jackson, all of whom were black.

For Ms. Fisher and Mr. Davis, the district court determined Plaintiff had not made out a prima facie case of discrimination for these two strikes.[3] We agree.[4] The record does not indicate that defense counsel either said or did anything that would create "a reasonable inference of an improper motive or purpose" for these first two strikes. Johnson v. California, 125 S.Ct. 2410, 2415 n.3 (2005). "[A] showing that a party used its authorized peremptory strikes against jurors of one race does not, standing alone, establish a prima facie case of discrimination." Cent. Ala., 236 F.3d at 637.[5] Here, Plaintiff alleges no more than "the bare fact of the removal of certain venire persons and the absence of an obvious reason for the

---

[3]The magistrate judge failed to address the first step in the Batson analysis. Nonetheless, we afford "great deference to the district court's finding as to the existence of a prima facie case." Cent. Ala., 236 F.3d at 635 (quoting United States v. Stewart, 65 F.3d 918, 923 (11th Cir. 1995)).

[4]Unless we conclude that a prima facie showing was made, we will not reverse a trial court's refusal to disallow challenged strikes. Cent. Ala., 236 F.3d at 636. No party is entitled to an explanation for a peremptory strike unless and until a prima facie case is made. Id.

[5]We have said that "the number of jurors of one race struck by the challenged party may be sufficient by itself to establish a prima facie case where a party strikes all or nearly all of the members of one race on a venire." Cent. Ala., 236 F.3d at 637. However, this case presents no such facts.

removal," which is insufficient to make out a prima facie case of discrimination. Id. (quotation marks and citation omitted).

For the third peremptory strike of Ms. Jackson, Defendants concede that Plaintiff did make out a prima facie case of discrimination. In step two of the Batson analysis, defense counsel offered race-neutral reasons for the strike, which included Ms. Jackson's response that a person's alcohol consumption before the accident would not affect Ms. Jackson's decision in any way. In step three, the district court determined that Ms. Jackson's response was a credible basis for removing her from the jury because her answer suggested that she might not consider Defendants' claim that Mr. Powell's intoxication -- not Defendants' negligence -- caused the accident. We cannot say that this factual determination by the district court was clearly erroneous. We conclude, therefore, that Defendants' use of peremptory strikes against these three black jurors was no equal protection violation under Batson.

Next, Plaintiff argues that a new trial is warranted because defense counsel unfairly prejudiced Plaintiff by mentioning certain character evidence. During cross-examination of Plaintiff, defense counsel asked about Mr. Powell's bankruptcy in violation of a previous in limine order. After Plaintiff's counsel objected, the district court instructed the jury that this "questioning was not

appropriate at this time." Defense counsel then asked Plaintiff about a restraining order obtained against Mr. Powell by his ex-wife. Again, counsel for Plaintiff objected, and the court sustained the objection.

We cannot say that the district court's handling of these evidentiary questions was an abuse of discretion or that these questions resulted in unfair prejudice that was "inconsistent with substantial justice." Fed. R. Civ. P. 61. We conclude that brief mention of these collateral issues -- which the district court appropriately excluded and were never mentioned again at trial -- did not have a substantial likelihood of affecting the jury's verdict.[6]

Plaintiff claims that the trial court committed reversible error by allowing Defendants' accident reconstruction expert, James Burke ("Burke"), to offer a toxicology opinion that he was not qualified to give. After Burke expressed his opinion that the likely cause of the accident was that Powell fell asleep, defense counsel asked Burke the basis of his opinion. Burke cited (1) the lack of any evasive action; (2) that the accident occurred late at night; and (3) his belief that the accident involved "an alcohol-impaired, intoxicated driver." Plaintiff's

---

[6]Plaintiff's assertion in her brief that these questions "falsely painted Mr. Powell as a violent individual who did not accept responsibility for his bills" is speculative at best.

counsel objected, and the district court responded that Burke could "testify that he is making that assumption."

Under Fed. R. Evid. 705, "[t]he facts or data in the particular case upon which an expert bases an opinion or inference may be those perceived by or made known to the expert at or before the hearing." Because Defendants already had introduced evidence of Powell's intoxication at trial, Burke could use that evidence as part of the basis of his own expert opinion. The district court, therefore, did not abuse its discretion in allowing this testimony.

AFFIRMED.